Mary W. CARLSON, Plaintiff–
Counter–Defendant–
Appellant,

v.

PRINCIPAL LIFE INSURANCE COM-
PANY, Defendant–Cross–Claimant–
Counter–Claimant–Appellee,

Eileen Carlson, Third–Party–Defendant.

No. 06–4766–cv.

United States Court of Appeals,
Second Circuit.

Jan. 4, 2008.

Edgar Pauk (Robert Bach, on the brief), New York, N.Y., for Plaintiff–Counter–Defendant–Appellant.

Randi F. Knepper, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, N.J., for Defendant–Cross–Claimant–Counter–Claimant–Appellee.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this appeal from a judgment entered in the United States District Court for the Eastern District of New York (Bianco, *J.*), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Mary Carlson ("Mary") appeals from a decision denying the claims she brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* against Principal Life Insurance Company ("Principal"). *Carlson v. Principal Life Ins. Co.*, No. 01–CV0581, 2006 WL 2806543 (E.D.N.Y. Sept. 28, 2006). The district court tried Mary's claims on remand from this Court's decision in *Carlson v. Principal Financial Group*, 320 F.3d 301 (2d Cir.2003), in which we "offer[ed] guidance for the District Court's consideration on remand of Mary's ability to state a claim under ERISA." *Id.* at 303.[1] We assume the parties' familiarity with the facts, procedural history, and scope of issues presented on appeal.

We review the district court's finding of fact for clear error and its conclusions of law *de novo*. *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 347 (2d Cir.2007). The district court gave a whole cavalcade of reasons why Mary's claims were unavailing. For example, Mary's Title I claim fails because Principal was not the recipient of ill-gotten trust assets and, thus, cannot be held liable as a non-fiduciary. *See Harris Trust and Savings Bank v. Salomon Smith Barney*, 530 U.S. 238, 251, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000). Mary's Title IV claim fails as untimely, having been filed more than six years after accrual. *See* 29 U.S.C. § 1370(f). We agree with the district court as to these and the other reasons it gave.[2]

---

1. Principal Life Insurance Company was incorrectly pleaded as Principal Financial Group. The correction was made by the district court on remand.

2. We are nonetheless troubled by Principal's concession that it made no notation of the fact that an annuity certificate was mailed to Donald, failed to retain a copy of his certifi-

cate, and lacked a complete record of its communications in connection with his file. As this case shows, the intended recipients of these documents are often elderly people who may not be available to testify in a later dispute. Notwithstanding the outcome in the instant case, we trust that Principal, and other institutions in this field, will keep better records in the future.

We therefore AFFIRM the judgment of the district court.